| | |
|---|---|
| **Debtor Name:** | R7 Lease Purchase, Inc. |
| **Court:** | United States Bankruptcy Court |
| | Eastern District of Pennsylvania |
| **Case Number:** | 22-13287/AC |

**ADOPTED FROM OFFICIAL FORM 425A**

**PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER CHAPTER 11, SUB-CHAPTER V**

**R7 LEASE PURCHASE, INC.'s Plan of Reorganization, Dated March 7, 2023**

**Background for Cases Filed Under Subchapter V**

### A. Description and History of Debtor's Business

The Debtor is a corporation in the business of making short term leases of personal property to individuals and companies in Southeastern Pennsylvania.

The Debtor presently operates out of one location in Levittown, Pennsylvania, a suburb of Philadelphia. The Debtor is owned and managed by Joseph Romano. Historically, the Debtor has employed three to five sales representatives.

The Debtor's financial struggles arise from a combination of two factors:

1. COVID-19. The Debtor purchased its franchise of Premier Rentals at the end of 2019 with the intention of opening in early 2020. Covid-19 pandemic significantly affected every segment of the American economy, including the rent-to-own business. The Debtor was not able to fully recover from the effects of the pandemic until mid-2020, and its business is still growing.

2. The Debtor did not receive the type and extent of support it expected from the franchisor, resulting in delays in learning the required accounting system and advertising programs, among other issues. This impacted the Debtor's ability to attract new customers and make sales.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the plan will receive at lease as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as "Exhibit **A.**"

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash flow over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as "Exhibit B."

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by §1191(d) of the Bankruptcy Code) for the period described in §1191(c)(2) of $254,660; plan payments are proposed to total $254,957. The final Plan payment is expected to be paid on April 1, 2028.

**You should consult with your accountant or other financial adviser if you have any questions pertaining to these projections.**

## ARTICLE I: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of R7 Lease Purchase, Inc. (the *Debtor*) from future income and the collection of outstanding pre-petition accounts receivable.

The Plan provides for:
- 3     **class of secured claims;**
- 2     **classes of non-priority unsecured claims; and**
- 1     **class of equity security holders**

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 7 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claims. Sub-Chapter V Cases do not require a disclosure statement.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE).**

## ARTICLE 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1 (a)** ............................ | This claim of <u>M & T Bank</u> to the extent allowed as a secured claim under §506 of the Code.<br><br>Total claim amount: $482,839 allowed in the amount of $322,000, Balance of claim treated as Class 5(b) non-priority unsecured claim: $150,839 |
| 2.01(a) | **Class 1 (b)** ............................ | This claim of <u>M & T Bank</u> to the extent allowed as a secured claim under §506 of the Code.<br><br>Total claim amount: $51,198<br>claim treated as Class 5(b) non-priority unsecured claim: |
| 2.02 | **Class 2** ............................ | This claim of <u>Kapitus</u> to the extent allowed as a secured claim under §506 of the Code.<br><br>Total claim amount: $23,736.50<br>claim treated as Class 5(b) non-priority unsecured claim: |
| 2.03 | **Class 3** ............................ | The Claim of Ally Bank<br><br>Paid in accordance with prepetition note and security deposit. |
| 2.04 | **Class 4** ............................ | The Claim of SBA /EIDL<br><br>Total claim amount:  $300,000<br>claim treated as Class 5(b) non-priority unsecured claim: |
| 2.05(a) | **Class 5(a)** ............................ | All non-priority unsecured claims allowed under §502 of the Code, other than claims in Class 3(a) |
| 2.05(b) | **Class 5(b)** ............................ | All non-priority unsecured claims allowed under §502 of the Code, other than claims in Class 3(a) |
| 2.06 | **Class 6** .............................. | Equity interests of the Debtor. |

**Page - 3**

## ARTICLE 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified Claims** | Under section §1123(a)(1), administrative expense claims [ "gap" period claims in an involuntary case allowed under §502(f) of the Code,] and priority tax claims are not in classes |
| 3.02 | **Administrative Expense Claims** | Each holder of an administrative expense claim allowed under §503 of the Code, [and a "gap" claim in an involuntary case allowed under §502(f) of the Code,] shall be paid according to the distribution scheme set forth below in Article 7 – Means for Implementation of the Plan, regardless of whether the plan is confirmed pursuant to §1191(a) or (b).<br><br>If the Plan is confirmed under §1191(b), following confirmation of the Plan, previously retained professionals of the Debtor, as well as the Sub-Chapter V Trustee, may submit applications for compensation for post-confirmation, pre-discharge services rendered on behalf of the Debtor for approval to the Court.<br><br>Upon Court approval of such applications for compensation, the approved compensation amounts shall be entitled to priority as an administrative expense described in this section and entitled to payment according to the distribution scheme set forth in Article 7 – Means for Implementation of the Plan. |
| 3.03 | **Priority tax claims** | Each holder of priority tax claim will be paid in full, with post-confirmation interest, in deferred cash payments, but in no event, later than sixty (60) months following the commencement of this case.<br><br>**Specific Treatment of Priority Tax Creditors:**<br><br>**PA Dept. of Revenue - $31.84 paid on Effective Date** |
| 3.04 | **Statutory fees** | If applicable, all fees required to be paid under 28 U.S.C. §193 that are owed on or before the effective date of the Plan have been paid or will be paid on the effective date. |

**Page - 4**

| | | |
|---|---|---|
| 3.05 | **Prospective quarterly fees** | If applicable, all quarterly fees to be paid under 28 U.S.C. §1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### ARTICLE 4:  Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

4.01    Claims and interests shall be treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| **Class 1(a) Secured Claim of M & T Bank** | **Impaired** | Secured claim with face amount of $482,839 allowed in the amount of $322,000, payments of $2,306.91 for 60 months commencing on the Effective Date based on a 20 year amortization at 6% interest.  Balloon payment of $249,470 due on the first day of the 85th month following the Effective Date.  regardless of whether the plan is confirmed pursuant to §1191(a) or (b).  Balance of claim treated as unsecured in Class 5(b)<br><br>Portion of Claim treated as a Class 5(b) non-priority unsecured claim:<br>$150,839.00 |
| **Class 1(b) Secured Claim of M & T Bank** | **Impaired** | Secured claim in face amount of $51,198 avoided, claim treated as unsecured in Class 5(b)<br><br>Claim treated as a Class 5(b) non-priority unsecured claim:<br>$51,198 |
| **Class 2 Secured Claim of Kapitus** | **IMPAIRED** | **Lien avoided as there is no equity in the Debtor's property in excess of the claim of M & T Bank.**<br>**Total Claim Amount:**<br>$23,736.50<br><br>Claim treated as a Class 5(b) non-priority unsecured claim:<br>$23,737 |
| **Class 3 Secured Claim of Ally Bank** | **NOT IMPAIRED** | **Paid in accordance with prepetition loan Agreement** |

**Page - 5**

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| **Class 4 Secured Claim of SBA** | **IMPAIRED** | **Lien avoided as there is no equity in the Debtor's property in excess of the claims of M & T Bank.**<br><br>**Total Claim Amount: $300,000**<br><br>**Claim treated as a Class 5(b) non-priority unsecured claim:**<br>$300,000 |
| **5(a)**<br><br>**Amounts necessary to cure assumed leases and executory contracts** | **IMPAIRED** | Paid in full in deferred cash payments. To be paid according to the distribution scheme set forth below in Article 7 – Means for Implementation of the Plan, regardless of whether the plan is confirmed pursuant to §1191(a) or (b).<br><br>**Creditor: Levittown, L.P.**<br>**Cure Amount:**<br>$49,233 |
| **5(b)**<br><br>**All non-priority unsecured claims allowed under §502, other than claims in Class 5(a)** | **IMPAIRED** | Paid pro rata. To be paid according to the distribution scheme set forth below in Article 7 – Means for Implementation of the Plan, regardless of whether the plan is confirmed pursuant to §1191(a) or (b).<br><br>Total unsecured claims, including unsecured portions of secured claims set forth above:<br>$631,363 |
| 6 | NOT IMPAIRED | Debtor's principal shall retain ownership of the Debtor. |

## ARTICLE 5:  Allowance and Disallowance of Claims

5.01    **Disputed claim**    A *disputed claim* is a claim that has not been allowed or disallowed (by a final non-appealable order), and as to which either;

(i)   a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii)   no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated

| | | |
|---|---|---|
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed (by a final non-appealable order). |
| 5.03 | **Settlement of Disputed Claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure |

## ARTICLE 6:  Provisions for Executory Contracts and Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and leases** | (a) The Debtor assumes the following executory contracts and unexpired leases as of the effective date:<br><br>    i.)     Unexpired Lease – Counter-party: Levittown, L.P.<br>    ii.)    Franchise Agreement – Premier Rental<br>    iii.)   Unexpired Leases with customers for personal property |
| | | (b) All other executory contracts and unexpired leases are conclusively deemed rejected as of the effective date of the Plan.<br><br>A proof of claim arising from the rejection of an executor contract or lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. |

## ARTICLE 7:   Means for Implementation of the Plan

| | | |
|---|---|---|
| 7.01 | **Methods of Plan Funding** | The Debtor shall fund this plan from post-petition business operations. |
| 7.02 | **Disbursing Agent and Timing of Disbursements** | The Debtor shall make all required payments under the Plan to the Disbursing Agent.<br><br>If the plan is confirmed pursuant to 11 U.S.C. §1191(a), the Debtor shall act as the Disbursing Agent.  If the Debtor is the Disbursing Agent, they shall promptly disburse payments directed 'to the Disbursing Agent' to the various classes of creditors as set forth in Article 7.03.<br><br>If the plan is confirmed pursuant to 11 U.S.C. §1191(b), the Subchapter V Trustee shall act as the Disbursing Agent and shall be entitled to compensation as allowed by the Court as an administrative expense.<br><br>If the Subchapter V Trustee is acting as the Disbursing Agent, the Subchapter V Trustee shall make disbursements no less frequently than once every six (6) months following confirmation of the Plan, but nothing in this provision shall prevent the Subchapter V Trustee from making disbursements more often than once every six (6) months. |

| 7.03 | **Plan Payments From Future Operations** | From post-petition business operations, the Debtor shall make periodic payments as follows: |
|---|---|---|
| | | Payment of $32 to PA Dept. of Revenue for priority claim
Monthly payments of $500 to pay administrative claims pro rata until paid in full
Monthly payments of $905 directly to Ally Bank through August, 2024
Monthly payments of $500 directly to Levittown, L.P. with regular rent payment for 98 months
Monthly payments of $2,306.91 directly to M & T Bank for 84 months
$3,000 per quarter beginning July 1, 2023 to Disbursing Agent to pay general unsecured creditors pro rata for 20 quarters (total of $60,000) |

## ARTICLE 8: GENERAL PROVISIONS

| 8.01 **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
|---|---|
| 8.02 **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| 8.07 **Corporate governance** | The Debtor's charter shall be amended to prohibit the issuance of nonvoting equity securities, and to provided that there shall be just one class of securities possessing voting power. |
| 8.08 **Retention of Jurisdiction** | The Court shall retain jurisdiction to adjudicate all matters addressed by the Plan, including but not limited to: |

Adjudicating alleged defaults under the plan, and reviewing and approving compensation of professionals that seek to be paid under the Plan.

### ARTICLE 9: DISCHARGE

If the Debtor's Plan is confirmed under §1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extend specified in §1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:

(i)   Imposed by this Plan; or
(ii)  Excepted from discharge under §523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure

If the Debtor's Plan is confirmed under §1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first three (3) years of this Plan, or as otherwise provided in §1192 of the Code. The Debtor will not be discharged from any debt:

(i)   On which the last payment is due after the first three (3) years of the plan, or as otherwise provided in §1192; or
(ii)  Excepted from discharge under §523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure

### ARTICLE 10: OTHER PROVISIONS

If this plan is confirmed under §1191(a):
    The Debtor shall act as the Disbursing Agent.

If this plan is confirmed under §1191(b):
  i.)   The Subchapter-V Trustee shall act as the Disbursing Agent.

  ii.)  The Debtor may elect to "pay off the plan early" by filing a motion with the Court for an order authorizing the early payoff. In order to "pay off the plan early", the Debtor would be required to tender all remaining installment payments to the Disbursement Agent in one lump sum.

Respectfully submitted,

BY:   __/S/__ Joseph Romano_____        Date:   ____March 7, 2023_____
      **Plan Proponent**
      R7 Lease Purchase, Inc.
      BY: Joseph Romano

BY:   _/s/ Ellen M. McDowell_                  Date:   ____March 7, 2023_____
      **Attorney for Plan Proponent**
      Ellen M McDowell, Esq.
      McDowell Law, PC
      Attorneys

**Page - 9**