UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
|    R7 Lease Purchase Inc. | : | Bankr. Case #22-13287 (AMC) |
| | : | |
|    Debtor. | : | Chapter 11 |
| | : | |
| | : | |

**MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS OR CONVERT CASE TO CHAPTER 7**

Andrew R. Vara, United States trustee for Regions 3 & 9, ("UST"), by and through undersigned counsel, hereby moves to dismiss this case or convert this case to proceedings under chapter 7 of the Bankruptcy Code and in support thereof states as follows:

**PRELIMINARY**

    **a.**    **History**

    1.    Debtor filed a voluntary Chapter 11 bankruptcy Petition on December 7, 2022.

    2.    Debtor continues to operate as a debtor-in-possession.

    3.    No unsecured creditors committee or trustee has been appointed.

    4.    Debtor filed a proposed Plan of Reorganization on March 7, 2023, wherein Debtor proposes to fund the Plan from future projected disposable income. No date for hearing on confirmation of the Plan has been set.

    5.    Debtor has filed Monthly Operating Reports for December 2022 through May 2023, all of which show that Debtor has continually operated at a loss, *i.e.,* the Debtor is administratively insolvent, and which demonstrate that Debtor does not have the disposable

income projected to fund its proposed Plan.

**B.    Jurisdiction**

6.    The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C.§§1334 and 157(b).

7.    The UST brings this Motion pursuant to the statutory duty to monitor bankruptcy cases under 28 U.S.C.§586(a)(3).

8.    The UST has standing to prosecute the Motion pursuant to 11 U.S.C. §§307 and 1112 and FRBP 1017 and 9014.

### MEMORNDUM OF POINTS AND AUTHORITIES

**Cause Exists Under 11 U.S.C.§§1112(b)(1) to Convert or Dismiss this Bankruptcy Case.**

9.    11 U.S.C. §1112(b)(1) provides that:
> Except as provided in paragraph (2) and subsection (c), on request …the Court shall convert a case under this Chapter to a case under Chapter 7 or dismiss a case under this Chapter, whichever is in the best interest of creditors and the estate, for cause unless the Court determines that the appointment under Section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

10.    Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the Court should "consider other factors as they arise and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp v. United States trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375, (B.A. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under §1112(b). *Id.*

11.    As movant, the UST bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th

Cir. 2014)(citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a Chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion is in the best interests of creditors and the estate; and (2) identify whether there is unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan, 522 B.R. at 612.*

**Cause Exists Under Section 11 U.S.C. §1112(b)(4)(A) because Debtor is Unable to Reorganize.**

12.  "Cause," as used in Section 1112(b)(4)(A), is defined in pertinent portions of Section 1112(b)(4) as . . .

>   (A)   substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

13.  Upon information and belief, it is averred that Debtor is not operating profitably and does not have the ability nor is able to demonstrate the ability to fund a feasible Plan of Reorganization.

**Once Cause is Established, Debtor has the burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C.§1112(b)(2).**

14.  Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See (In Sanders),* 2013 Bankr. LEXIS 4681 at *18-19. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances…that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C.§1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that

"unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS at *11-12 (B.A.P. 9 Cir. May 28, 2015). As noted, the debtor bears the burden of proving unusual circumstances are present in the case the render dismissal or conversion is not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

15. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Sections 1112(b)(2)(A)—(b)(2)(B). Section 1112(b)(2) provides:

> …*and* the debtor or any other party in interest establishes that—
> (A) There is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; *and* (B) The grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
>> (I) for which there exists a reasonable justification for the act or omission; *and*
>>
>> (ii) that will be cured within a reasonable period of time fixed by the Court.

11 U.S.C.§1112(b)(2) (emphasis added).

16. More importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai,*

*Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC.*, 448 B.R. 707, 717 (Bankr. D. Md. 2011). In addition, the Debtors must demonstrate that the relief requested in the Motion is not predicated upon Section 1112(b)(4)(A).

17. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

## CONCLUSION

WHEREFORE, the United States trustee moves the Court to enter an order (a) granting the Motion; (b) converting this case to a proceeding under chapter 7 or dismissing this case; and (c) granting such other relief as is just under circumstances.

Respectfully submitted,

May 31, 2023

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

**BY:** */s/ George M. Conway*
George M. Conway,
Trial Attorney
Office of the United States Trustee
Robert N.C. Nix Federal Building
900 Market St., Suite 320
Philadelphia, PA 19107
Tel: 215 597 8418
Email: George.m.conway@usdoj.gov